1  MAUREEN E. MCCLAIN, Bar No. 062050
   mmcclain@littler.com
2  CONSTANCE E. NORTON, Bar No. 146365
   cnorton@littler.com
3  ALISON CUBRE, Bar No. 257834
   acubre@littler.com
4  LITTLER MENDELSON, P.C.
   650 California Street
5  20th Floor
   San Francisco, CA  94108.2693
6  Telephone:  415.433.1940
   Facsimile:   415.399.8490
7
   Attorneys for Defendant
8  DOLLAR TREE STORES, INC.

9

                    UNITED STATES DISTRICT COURT
10
                   CENTRAL DISTRICT OF CALIFORNIA
11
                         WESTERN DIVISION
12

13  RICHARD STAFFORD, Individually,      Case No. CV13-00804 R (VBKx)

14              Plaintiff,               [PROPOSED] ORDER DENYING
                                         PLAINTIFF'S MOTION TO
15  v.                                   REMAND TO STATE COURT AND
                                         GRANTING DEFENDANT'S
16  DOLLAR TREE STORES, INC. and         MOTION TRANSFER PURSUANT
    DOES 1 through 50, Inclusive,        TO FEDERAL RULE OF CIVIL
17                                       PROCEDURE 12(B)(1), (3),  28
                                         U.S.C. § 1404(A), AND THE FIRST-
18              Defendants.              TO-FILE DOCTRINE

19                                       DATE:      Monday, May 6, 2013
                                         TIME:      10:00 a.m.
20                                       DEPT:      Courtroom 8
                                         JUDGE:   Hon. Manuel L. Real
21
                                         Complaint Filed:  November 18, 2012
22                                       FAC Filed:          January 7, 2013
                                         Case Removed:    February 5, 2013
23                                       SAC Filed:          February 12, 2013

24      The Motion to Remand to State Court filed by Plaintiff Richard Stafford

25  ("Plaintiff"), and separately, the Motion to Dismiss, Stay, or Transfer under Federal

26  Rules of Civil Procedure 12(b)(1), (3), 28 U.S.C. § 1404(a), and the first-to-file

27  doctrine filed by Defendant Dollar Tree Stores, Inc. ("Dollar Tree") came on for

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

[PROPOSED] ORDER ON REMAND AND
TRANSFER MOTIONS                          Case No. CV13-00804 R (VBKx)

1   hearing before this Court on May 6, 2013, the Honorable Manuel L. Real, presiding.

2   Brian R. Short, Graham Hollis, PC, appeared on behalf of Plaintiff. Elizabeth Staggs

3   Wilson, Littler Mendelson, PC, appeared on behalf of Dollar Tree.

4          As memorialized at the hearing on the Motions, a certified copy of the

5   transcript of which is attached hereto as **Exhibit A**, having separately considered all

6   the pleadings and files in this action including the Plaintiff's Motion to Remand and

7   all papers in support of and in opposition thereto, as well as Dollar Tree's Motion to

8   Dismiss, Stay or Transfer and all papers in support of and in opposition thereto,

9   **GOOD CAUSE APPEARING** for the reasons stated by the Court at the hearing on

10  the Motions, the Court finds as follows:

11         (1)     Dollar Tree's Requests for Judicial Notice are **GRANTED**;

12         (2)     Plaintiff's Motion to Remand to State Court is **DENIED**;

13         (3)     Upon finding that the Court had jurisdiction based upon the CAFA as

14  well as diversity jurisdiction, Dollar Tree's Motion to Transfer under Federal Rules of

15  Civil Procedure 12(b)(1), 12(b)(3), 28 U.S.C. § 1404(a), and the First-to-File Doctrine

16  is **GRANTED,** rendering its Motion to Dismiss and/or Stay moot;

17         (4)     The Clerk of the Court shall transfer Plaintiff's Second Amended

18  Complaint to the Eastern District of California, where first-filed *Stevenson v. Dollar*

19  *Tree Stores, Inc.*, Case No. 11-CV-01433 KJM CKD, is pending.

20  **IT IS SO ORDERED.**

21  Dated: _____

22

23                                      _____
                                        Hon. Manuel L. Real
                                        U.S. DISTRICT COURT JUDGE

24

25  Firmwide:117869745.1 061603.1080

26

27

28

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

[PROPOSED] ORDER REMAND AND
TRANSFER MOTIONS                          2.                    Case No. CV13-00804 R (VBKx)

# EXHIBIT A

```
 1                    UNITED STATES OF AMERICA
                    UNITED STATES DISTRICT COURT
 2                 CENTRAL DISTRICT OF CALIFORNIA
                         WESTERN DIVISION
 3
                              -  -  -
 4                  HONORABLE MANUEL L. REAL
             UNITED STATES DISTRICT JUDGE PRESIDING
 5                            -  -  -

 6
     RICHARD STAFFORD,                )
 7                                    )   CERTIFIED COPY
                  PLAINTIFF,          )
 8                                    )
     VS.                              )   CV 13-804 R
 9                                    )
     DOLLAR TREE STORES, INC.,        )
10                                    )
                  DEFENDANTS.         )
11   _____)

12

13

14

                REPORTER'S TRANSCRIPT OF PROCEEDINGS
15                    MONDAY, MAY 6, 2013
                        A.M. SESSION
16                 LOS ANGELES, CALIFORNIA

17

18

19

20
                 SHERI S. KLEEGER, CSR 10340
21              FEDERAL OFFICIAL COURT REPORTER
               312 NORTH SPRING STREET, ROOM 402
22              LOS ANGELES, CALIFORNIA 90012
                    PH:  (213)894-6604
23

24

25
```

```
 1

 2   APPEARANCES OF COUNSEL:

 3   ON BEHALF OF PLAINTIFF:
     BY:  BRIAN SHORT, ESQUIRE
 4

 5
     ON BEHALF OF DEFENDANT:
 6   BY:  ELIZABETH STAGGS WILSON, ATTORNEY AT LAW

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
1              LOS ANGELES, CALIFORNIA; MONDAY, MAY 7, 2013

2                          A.M. SESSION

3                             - - -

4

5              THE CLERK:  Calling item No. 10, CV-13-804:

6    Richard Stafford versus Dollar Tree Stores, Inc.

7    Counsel.

8              MR. SHORT:  Good morning, Your Honor.

9              Brian Short on behalf of the plaintiff

10   Richard Stafford.

11             MS. WILSON:  Good morning, Your Honor.

12             Elizabeth Staggs Wilson on behalf of the

13   defendant.

14             THE COURT:  Counsel, anything to add to the

15   documents which have been filed?

16             MR. SHORT:  No, Your Honor.

17             MS. WILSON:  No, Your Honor.

18             THE COURT:  This is an action to recover

19   penalties for the Private Attorneys' General Act (PAGA)

20   against defendant Dollar Tree Stores, Inc. for missed

21   meal periods and the alleged failure to pay all time

22   worked to assistant store managers.

23             Defendant moved to dismiss or transfer this

24   action to the Eastern District of California under the

25   first-to-file rule because there are three other pending
```

1  actions that were filed first and have substantially

2  similar parties and issues.

3          Plaintiff filed a motion to remand arguing

4  the Class Action Fairness Act is Inapplicable and

5  defendant has not otherwise established the requisite

6  amount in controversy for diversity jurisdiction.

7          Concerning the motion to remand, plaintiff

8  argues that removal pursuant to the Class Action

9  Fairness Act was improper because the second amended

10  complaint does not contain any class action allegations.

11          However, removability is determined at the

12  time the notice of removal is filed.

13          Pullman Company versus Jenkins, 305 U.S. 534

14  (1939).

15          Thus, the second amended complaint is

16  irrelevant and removal was proper under the Class Action

17  Fairness Act.

18          In any case, the defendant pled diversity

19  jurisdiction as an alternative basis for jurisdiction.

20          The parties do not contest that complete

21  discovery of the parties exists.  Instead, plaintiff

22  contends that the amount of controversy can possibly

23  exceed $75,000 because defendant cannot aggregate PAGA

24  penalties.

25          However, numerous cases in the Central

1    District have found due to the fundamental nature of a

2    PAGA representative action, aggrieved employees' claims

3    are common and undivided.

4              Urbino versus Orkin Services of California,

5    882 F.Supp.2d 1152 (Central District of California).

6              Thus, aggregation is appropriate.

7              Concerning defendant's motion to transfer,

8    the first-to-file rule derives from principles of

9    federal comity and its purpose is to avoid placing an

10   unnecessary burden on the federal judiciary and avoid

11   inconsistent judgements.  When applying the rule, courts

12   look to three essential factors:

13             One, the chronology the two actions.

14             Two, the similarity of the parties.

15             And, three, the similarity of issues.

16             That's Cohen Group versus Herman Miller,

17   Inc., 2006 U.S. District LEXIS 2301 (Northern District

18   of California, January 19, 2006).

19             Here, plaintiff has not identified any

20   authority bearing application of the first-to-file rule,

21   and sound judicial administration requires transfer of

22   this case to the Eastern District of California.

23             There is no dispute that this case is the

24   last of four similar actions filed.

25             Further, the parties in the Stevenson

1   action, which is pending in the Eastern District, have

2   engaged in significant motion practice and discovery.

3   Thus, the chronology of the actions support a transfer.

4          Although plaintiff is acting as a proxy for

5   the Labor Workforce Development Agency under PAGA, in

6   such circumstances, he brings the action personally and

7   would qualify as a member of the class in Stevenson.

8   Thus, the Court finds that the parties are substantially

9   similar.

10         Likewise, the issues are substantially

11  similar.  PAGA actions are simply another form of remedy

12  under the alleged Labor Code violations that require the

13  same proof, and plaintiff's additional claims are

14  similar in nature and do not preclude application of the

15  first-to-rule.

16         Wright versus RBC Capital

17  Markets Corporation, 2010 U.S. District LEXIS 80165

18  (Eastern District of California 2010).

19         Finally, the transfer to the Eastern

20  District is appropriate considering the factors

21  enumerated in 28 U.S.C. section 1404(a).

22         Specifically, venue is proper in the Eastern

23  District, this action might have been brought there in

24  the first instance, and the transfer will serve the

25  convenience of the parties and witnesses and promote

```
 1   justice because plaintiff lived and worked in the
 2   Eastern District, where most of the relevant evidence is
 3   located.
 4            For these reasons, the defendant's motion to
 5   transfer is granted.
 6            MR. SHORT:  Your Honor, may I have a couple
 7   words, please.
 8            THE COURT:  I beg your pardon?
 9            MR. SHORT:  With respect to the motion to
10   remand, may I have a couple of words?
11            THE COURT:  I'm sorry.
12            MR. SHORT:  May I have a couple of words
13   with respect to the plaintiff's motion to remand?
14            THE COURT:  Yes.
15            MR. SHORT:  I would just like to mention
16   that before the aggregation aspect of the motion is even
17   reached, plaintiffs have submitted evidence that the
18   notice of removal upon which defendant based the
19   aggregation was just based on a number of individuals
20   was improper.
21            They have alleged approximately 1,872 people
22   were employed during all or part of the time period upon
23   which they are basing their calculation of damages.
24            So, in effect, what they're doing is they're
25   counting damages for each and every person on each and
```

```
 1   every shift regardless of whether they had worked during

 2   the time period.  And what plaintiff's motion has put

 3   forth is that this is an inappropriate calculation.  You

 4   can't possibly get damages for time when you are not

 5   working.

 6           So instead of actually including the shifts

 7   in which an individual works, they are actually using

 8   work weeks during which --

 9           THE COURT:  We're not here to rule on that

10   motion, the motion is to send it to the Eastern

11   District.  And the Eastern District can take whatever

12   their problem is up there.

13           All right.  Counsel to prepare the order.

14           MR. SHORT:  Thank you, Your Honor.

15           MS. WILSON:  Thank you.  Your Honor.

16           (PROCEEDINGS CONCLUDED.)

17

18

19

20

21

22

23

24

25
```

```
 1
 2
 3                    CERTIFICATE OF REPORTER
 4
 5   COUNTY OF LOS ANGELES        )
 6                                )   SS.
 7   STATE OF CALIFORNIA          )
 8
 9   I, SHERI S. KLEEGER, OFFICIAL COURT REPORTER, IN AND FOR
10   THE UNITED STATES DISTRICT COURT FOR THE CENTRAL
11   DISTRICT OF CALIFORNIA, DO HEREBY CERTIFY THAT PURSUANT
12   TO SECTION 753, TITLE 28, UNITED STATES CODE, THE
13   FOREGOING IS A TRUE AND CORRECT TRANSCRIPT OF THE
14   STENOGRAPHICALLY REPORTED PROCEEDINGS HELD IN THE
15   ABOVE-ENTITLED MATTER AND THAT THE TRANSCRIPT PAGE
16   FORMAT IS IN CONFORMANCE WITH THE REGULATIONS OF THE
17   JUDICIAL CONFERENCE OF THE UNITED STATES.
18
19
20   DATE:  MAY 7, 2013
21
22   /S/_____
23   SHERI S. KLEEGER, CSR
24   FEDERAL OFFICIAL COURT REPORTER
25
```